*Stephen A. Cooke and Louis L. Angell*, for petitioner.

*George Farnell and Frank Farnell*, for other parties in interest.

---

SYLVESTER WHEELER *vs.* COURT OF PROBATE OF WESTERLY.

WASHINGTON—OCTOBER 28, 1898.

PRESENT : Stiness, Tillinghast, and Douglas, JJ.

(1)  *Certiorari.  Evidence.*

In certiorari, when the jurisdiction of the lower tribunal is conceded, the record cannot be impeached by extraneous evidence.

Legal evidence may include documents, admissions of parties, and testimony of persons duly sworn.

(2)  *Probate Law and Practice.*

It is competent for Probate Courts, as constituted in the towns of this

State, to determine many questions (such as the qualifications of a guardian or the responsibility of a surety) upon the personal knowledge of the members of the court.

(3)  *Probate Law and Practice.*.

An improper disposition of an order of a Probate Court does not impair the sufficiency of the findings contained in the record.

(4)  *Certiorari.  Appeal.*

*Quœre*, whether a review of the decisions of a Probate Court by certiorari is proper in our practice ?  The legislation in this State respecting Probate Courts has been similar to that in Massachusetts, where it has been held that the writ will not lie in such case.

If such review be desired, the statute allows to parties interested therein an appeal and trial by jury.

PETITION for writ of certiorari to a Probate Court whose decree had ordered two children to be committed to the State Home and School.   Heard on motion to quash.

DOUGLAS, J.   The petition in this case was filed in Washington county, November 23, 1897, and a writ of certiorari was issued November 24, returnable in Providence December 8, 1897, and the matter was heard upon certified copies of the decree passed by the Probate Court September 7, 1894.   No proper return was ever made to the writ, and no notice appears to have been given to the Board of Control of the State Home and School who were constituted, by force of the decree complained of, the legal guardians of the petitioner's children, or to the overseer of the poor, upon whose petition the proceedings of the Probate Court were taken. Irrespective of any irregularity in the steps preceding the hearing, a majority of the court are of the opinion that the writ of certiorari should be quashed.

The petition assigns as errors in the proceedings of the Probate Court:

1.   That no facts were presented to said Court of Probate that would give said court any authority to commit said children, or either of them, to said State Home and School for Children.

2.   That said order or decree made by said court does not

state any facts ascertained as to said children, or either of them, which would give jurisdiction to said court.

3.   That said decree contained no direction to the overseer of the poor to take said children into his custody and to deliver them to said State Home and School for Children.

The first two grounds of objection are contradicted by the record, which recites that the present petitioner was present and was heard in relation to the matter, that other persons were present and heard, "and after a full hearing and all the evidence adduced it is adjudged that said William E. Wheeler and Lizzie Wheeler are neglected and have been supported at the public expense, and are without proper guardianship, and are in a suitable condition of body and mind to be instructed." There was no dispute, and it is now admitted that the children were domiciled in the territorial jurisdiction of the court. Indeed, the petitioner so states in his application to this court.

(1)   Testimony was offered at the hearing before us to the effect that no sworn evidence was heard by the Probate Court. In the opinion of a majority of the court this testimony is inadmissible.

It was held in *Kenney* v. *State*, 5 R. I. 385, that this court, on an application for a writ of certiorari to correct alleged errors in the sentence of a Justice Court upon a criminal complaint, is "bound to intend" that the proof justified the conviction and sentence, where such judgment was a possible one on the complaint in question. See also *State* v. *Board of Aldermen of Newport*, 18 R. I. 381.

The word "evidence" in the record before us must be construed to mean legal evidence, which may include documentary evidence, admissions of parties, or the testimony of witnesses duly sworn ; and in proceedings in certiorari, when the jurisdiction of the court is conceded, the record cannot be impeached by extraneous evidence. *Dexter* v. *Town Council of Cumberland*, 17 R. I. 222 ; *Lonsdale Co.* v. *License Commissioners*, 18 R. I. 5 (11); *State* v. *Board of Aldermen of Newport*, 18 R. I. 381; *O'Brien* v. *Mayor and Aldermen of Pawtucket*, 20 R. I. 49.

It is true that this court, in exercising its supervisory jurisdiction over quasi-judicial tribunals from whose decisions no appeal or writ of error lies, has examined the regularity of their proceedings very critically. In one reported case, *License Commissioners* v. *O'Connor*, 17 R. I. 40, the proceedings were quashed because, as it seems to have been admitted at the hearing before this court, no witnesses were sworn before the commissioners. In this case, however, the record did not recite that witnesses were sworn and was not contradicted by the evidence or admissions of this court. In an unreported case, M. P. 2158, *Deignan* v. *License Commissioners*, the petitioner alleged that "the said defendant was never informed of the nature or cause of the accusation against him and no witness ever appeared against him." This allegation was considered sufficient to warrant the issuing of the writ, but the return showed a record reciting that the petitioner was present at the hearing and that witnesses were sworn. Nothing further appears to have been done in the matter, and the proceeding was finally dismissed for nonpayment of fees.

(2)    Again, it is quite competent for the Probate Courts, as constituted in the towns of this State, to determine many questions, such as the qualifications of a guardian or the responsibility of a surety, upon the personal knowledge of the members of the court. Sec. 9 of chapter 87 of the General Laws, under which the proceeding in question was had, seems to permit a broad latitude in the investigation of the condition of dependent children. The overseer of the poor is directed to bring such children before the court, and thereupon it is made the duty of the court to "investigate" the facts and to "ascertain" its name, &c., and if on such "examination" the court shall find certain facts, it shall make a proper order containing a statement of the facts "ascertained" as to said child, &c. The section further provides that the parent or any friend may appear for the child, or that the court shall have power to compel the attendance of witnesses. The last provision is manifestly superfluous, as Courts of Probate are given the same power in all litigated proceedings

by general law.  The insertion of this provision here would seem to imply that the testimony of witnesses might become necessary in such an "investigation," but does not make it essential in all cases.  It may well be supposed that in certain cases the appearance of the child itself before the court, and the knowledge of the members of the court that its parents are dead or not proper guardians for it, or the statements of the father or friend to the court, might convince them of their duty to commit the child to the State Home under the law, without searching for further testimony.  If parties interested in such decisions desire to have them finally determined according to the course of the common law, they are allowed an appeal and a trial by jury.

(3)    The third objection is untenable.  The order of the overseer may as well be contained in another paper as in the decree.  It is more properly a process than a judgment or finding, and follows by force of law upon the decision of the court.  In this case such an order was made and delivered to the overseer of the poor.  It appears that the original order, instead of being retained and recorded in the Probate Court, was transmitted to the Board of Control of the State Home and School, whence a certified copy is brought before this court.  This disposition of the order was erroneous, but it does not impair the sufficiency of the findings contained in the record.

(4)    As we find no error in the record, it is not necessary to consider the very serious question whether a review of the decision of a Probate Court by certiorari is proper in our practice.  It has been decided in Massachusetts that the writ will not lie to a Probate Court (*Peters* v. *Peters*, 8 Cush. 529), and the course of legislation with regard to Probate Courts in Rhode Island has been very similar to that of Massachusetts.